# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATRELL BAKARI,<br><br>      Plaintiff,<br><br>     v.<br><br>FOSTER POULTRY FARMS, INC.,<br><br>      Defendant. | Case No.  1:13-cv-01814-AWI-SAB<br><br>FINDINGS AND RECMOMENDATIONS RE PLAINTIFF'S MOTION TO REMAND AND MOTION TO AMEND<br><br>ECF NO. 10, 11<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On December 4, 2013, Plaintiff Catrell Bakari ("Catrell Bakari") filed a motion to remand and a motion requesting leave to file a second amended complaint.  (ECF Nos. 10, 11.) Both motions were referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The Court finds it appropriate for Plaintiff's motions to be submitted upon the record and briefs on file without need for oral argument.  See Local Rule 230(g).  For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be partially granted and that Plaintiff's motion to amend be denied as moot.[1]

/ / /

/ / /

---

[1] Plaintiff's motion to amend expressly states that leave to amend is sought as an alternative to remand, and that granting remand would render the motion to amend moot.

1

1

## I.

2

## BACKGROUND

3      This action was removed from state court on November 8, 2013.   (ECF No. 1.)

4  Defendant Foster Poultry Farms, Inc. ("Defendant") removed this action on the basis of federal

5  question jurisdiction.

6      Plaintiff filed the original complaint against Defendant in state court on December 28,

7  2011.  Plaintiff proceeded pro se while in state court.[2]  Plaintiff generally alleged that he was

8  employed by Defendant and Plaintiff was subjected to racial discrimination during the course of

9  his employment.  The original complaint four causes of action entitled "Fraud and Intentional

10  Deceit," "Race Discrimination," "Wrongful Termination In Violation Of Public Policy," and

11  "Intentional Infliction Of Emotional Distress."  On or around May 21, 2012, Plaintiff filed a First

12  Amended Complaint in state court.  The First Amended Complaint is the operative pleading.

13      Defendant removed this action approximately 18 months after the operative pleading was

14  filed in state court.  Defendant contends that the existence of federal question jurisdiction was

15  not ascertained until sometime within thirty days of the removal.  Defendant contends that the

16  existence of a federal question was only ascertained after Plaintiff provided responses to

17  Defendant's discovery requests.  Defendant argues that prior to that point, it was unclear what

18  statute Plaintiff was suing under.

19      On December 4, 2013, Plaintiff filed the present motion to remand and motion to amend

20  his complaint.  (ECF Nos. 10, 11.)  Plaintiff argues that Defendant's removal was untimely

21  because Defendant knew of the existence of federal question jurisdiction at least eighteen months

22  prior to removal.  In the alternative, Plaintiff requests that leave to amend be granted so that the

23  complaint can be amended to only raise state law claims.

24      On December 23, 2013, Defendant filed its opposition to Plaintiff's motion to remand

25  and its non-opposition to Plaintiff's motion to amend.  (ECF Nos. 13, 14.)  Defendant opposes

26  Plaintiff's motion to remand only with respect to Plaintiff's request for an award of attorneys'

27  fees.  Defendant does not oppose remanding this action to state court.

28
---
[2] Plaintiff retained counsel after the action was removed to this Court.

## II.

## LEGAL STANDARDS FOR MOTIONS TO REMAND

Removal of actions from state court to federal court are generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

> (a)    Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts.  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.

## DISCUSSION

### A.    Remand is Appropriate Because Removal Was Untimely

Plaintiff contends that removal was untimely because Defendant knew or should have known that federal question jurisdiction existed more than thirty days prior to removal.  Under 28 U.S.C. § 1446(b), removal must occur within 30 days after receipt by the defendant of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff contends that federal question jurisdiction was apparent long before this action was removed by Defendant.  Plaintiff argues that the original complaint clearly alleged that "Discrimination based on race is a clear violation of Federal and State laws in employment."

1  (Complaint for Damages ¶ 49.)  Plaintiff further argues that the state court issued an order on

2  Defendant's demurrer which construed Plaintiff's original complaint as raising federal claims.

3      Plaintiff also contends that Plaintiff's First Amended Complaint refers to Title VII of the

4  Civil Rights Act of 1964, a federal statute, nineteen times.  (See, e.g., First Am. Compl. ¶ 53

5  ("This is also a condition of race discrimination by way of treatment, Civil Rights Act of 1964

6  Title VII...").)  In Plaintiff's Second Cause of Action for "Race Discrimination," the Civil Rights

7  Act of 1964 is cited by Plaintiff nine times.  Several paragraphs expressly state that Defendant's

8  alleged conduct constitute a violation of Title VII.  Notably, in its opposition, Defendant does not

9  contest the appropriateness of remand.

10     The Court finds that the First Amended Complaint clearly asserts federal claims.

11  Therefore, Defendant's receipt of the First Amended Complaint in May 2012 triggered

12  Defendant's thirty day deadline to file a notice of removal.  Since Defendant's notice of removal

13  was filed more than thirty days after Defendant's receipt of the First Amended Complaint,

14  Defendant's removal was untimely and this action should be remanded.

15  **B.      An Award of Attorneys' Fees is Appropriate Because Defendant Lacked an
          Objectively Reasonable Basis for Removal**

16

17      The only issue contested by Defendant is whether Plaintiff should be awarded attorneys'

18  fees and costs.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment

19  of just costs and any actual expenses, including attorney fees, incurred as a result of the

    removal."

20

21      Defendant argues that Plaintiff should not be awarded attorneys' fees because Plaintiff

22  did not attempt to meet and confer before filing the motion to remand.  However, there is no

23  requirement that a party meet and confer prior to filing a motion to remand.  The Court is

24  unaware of any authority that suggests that attorneys' fees under Section 1447(c) should be

25  denied if the party requesting remand did not meet and confer with the removing party prior to

26  filing their motion.  A meet and confer requirement would be futile in the vast majority of cases.

27  It is highly unusual for a party to consent to remand so soon after having filed a notice of

28  removal.  If anything, the most prudent time to meet and confer to discuss removal and remand

1   issues would be prior to the filing of the notice of removal.

2       Defendant also argues that attorneys' fees should be denied because Defendant had an

3   objectively reasonable basis for seeking removal.  "[A]bsent unusual circumstances, attorney's

4   fees should not be awarded when the removing party has an objectively reasonable basis for

5   removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

6       Defendant contends that it was objectively reasonable for Defendant to remove this

7   action approximately eighteen months after the First Amended Complaint was filed in state

8   court.  Defendant argues that it was unsure whether the First Amended Complaint stated any

9   federal claims, so it propounded discovery on Plaintiff which expressly asked Plaintiff for the

10  statutory basis for Plaintiff's claims.  Defendant removed after Plaintiff responded to those

11  discovery requests and stated that his claims arose from federal statutes.

12      Defendant further contends that the facts in this case are similar to those in American

13  Civil Rights Foundation v. City of Oakland, No. C 07-06058 CRB, 2008 WL 205276 (N.D. Cal.

14  Jan. 23, 2008).  In American Civil Rights Foundation, the court remanded the lawsuit because

15  the notice of removal was untimely.  In doing so, the court rejected the defendants' argument that

16  federal question jurisdiction was not ascertainable until the plaintiff filed an opposition to the

17  defendants' demurrer.  However, despite remanding the action, the court did not award

18  attorneys' fees.  The court did not include a detailed discussion on why the request for attorneys'

19  fees was denied, stating only that "the Court does not believe that the standard for awarding

20  attorney's fees ... has been satisfied."  American Civil Rights Foundation, 2008 WL 205276, at

21  *3.

22      As discussed above, the First Amended Complaint clearly raised federal claims as

23  Plaintiff cited Title VII throughout the complaint and expressly alleged that Defendant's violated

24  Title VII.  Moreover, the facts here are distinguishable from those in American Civil Rights

25  Foundation.  In this case, federal question jurisdiction exists because Plaintiff raises federal

26  claims under Title VII--a federal statute.  In contrast, the claims brought by the plaintiff in

27  American Civil Rights Foundation were state law claims under article I, section 31 of the

28  California Constitution, with the federal issue arising from an exception embodied within article

1   I, section 31 which authorized race-based governmental action necessary to establish or maintain

2   eligibility for a federal program.  Thus, the existence of federal question jurisdiction in <u>American</u>

3   <u>Civil Rights Foundation</u> was less obvious than it was in this case.  The Court finds that

4   Defendant's receipt of the First Amended Complaint in May 2012 triggered the thirty day

5   deadline to remove and Defendant's lacked an objectively reasonable basis for removal by

6   attempting to remove approximately eighteen months after the First Amended Complaint was

7   served.

8        Defendant also argues that the amount of attorneys' fees requested by Plaintiff is

9   unreasonable.  Plaintiff seeks $5,150.00 in attorneys' fees and costs associated with removal,

10   which is based upon 13.2 hours of work billed at $375.00 per hour[3], as well as $200 in costs,

11   arising from Plaintiff's counsel's petition for admission to practice within this district.

12        The amount of fees awarded under Section 1447(c) must be reasonable.  <u>Albion Pacific</u>

13   <u>Property Resources, LLC v. Seligman</u>, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).  A

14   reasonable attorney fee is the number of hours and the hourly rate that would be billed by

15   'reasonably competent counsel.'"  <u>Id.</u> (quoting <u>Venegas v. Mitchell</u>, 495 U.S. 82, 86 (1990)).

16   The Court finds that the requested attorneys' fee award is excessive because it includes time that

17   would not have been billed by reasonably competent counsel.  For instance, Plaintiff may not

18   recover attorneys' fees for time Plaintiff's counsel spent gaining admission to practice before this

19   Court.  Plaintiff argues that such time and costs are recoverable because Plaintiff's counsel does

20   not anticipate practicing before the Eastern District in the future.  However, the standard is not

21   whether Plaintiff's counsel would have incurred such costs but-for this lawsuit.  The proper

22   standard is whether such costs would be billed by "reasonably competent counsel" and the Court

23   finds that "reasonably competent counsel" would not bill their clients for the costs associated

24   with gaining admission to practice before the Court where the lawsuit is filed.

25       Further, Plaintiff's fees are inflated because Plaintiff billed in twelve minute increments

26   and rounded up.  In one instance, a one minute task was billed for twelve minutes.  Thus, the

27

28   [3] Defendant does not challenge Plaintiff's requested hourly rate.

1 | Court will calculate the attorneys' fees based upon the actual time spent by Plaintiff's counsel.

2 |    Finally, Plaintiff included time spent preparing and attending a hearing on his motions.

3 | Since the Court vacated the hearing, the Court will not award fees for this anticipated work.

4 | Moreover, since Defendant did not oppose Plaintiff's request for remand, the Court will reduce

5 | Plaintiff's estimated time reading Defendant's opposition and preparing a reply by half.

6 |    Defendant argues that any fee award should not include time spent on work unrelated to

7 | the motion to remand, such as time spent working on Plaintiff's motion to amend.  However,

8 | Section 1447(c) authorizes the recovery of costs "incurred as a result of removal."  Plaintiff's

9 | motion to amend, which was prepared to accomplish essentially the same goal as the motion to

10 | remand, was time and work "incurred as a result of removal."  Accordingly, the Court will

11 | include fees associated with such work in the fee award.

12 |    Based upon Plaintiff's submitted billing records and subtracting the work identified

13 | above, the Court finds that a reasonable attorneys' fee in this case is $3,787.50, which represents

14 | 10.1 hours of work charged at $375 per hour.

15 |    **C.**  **Plaintiff's Motion to Amend is Moot**

16 |    Since the Court finds that remand is appropriate, the Court need not address Plaintiff's

17 | motion to amend as it would be rendered moot by remand.

18 |                **IV.**

19 |        **CONCLUSION AND RECOMMENDATION**

20 |    For the reasons set forth above, the Court finds that removal was improper because

21 | Defendant's notice of removal was untimely.  Further, the Court finds that an award of attorneys'

22 | fees pursuant to 28 U.S.C. § 1447(c) in the amount of $3,787.50 is appropriate.

23 |    Accordingly, it is HEREBY RECOMMENDED that:

24 |    1.   Plaintiff's motion to remand be PARTIALLY GRANTED:

25 |      a.   That this action be REMANDED to state court;

26 |      b.   That Plaintiff's request for attorneys' fees be PARTIALLY GRANTED

27 |         and that attorneys' fees in the amount of $3,787.50 be awarded to

28 |         Plaintiff; and

1          2.        Plaintiff's motion to amend be DENIED as moot.

2          These findings and recommendations are submitted to the district judge assigned to this

3    action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

4    (14) days of service of this recommendation, any party may file written objections to these

5    findings and recommendations with the Court and serve a copy on all parties.  Such a document

6    should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

7    district judge will review the magistrate judge's findings and recommendations pursuant to 28

8    U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

9    time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153

10   (9th Cir.  1991).

11

12   IT IS SO ORDERED.

13        Dated:    **January 7, 2014**
                                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28